# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:08-CV-550

| | |
|---|---|
| ZEP INC., | )<br>)<br>) |
|     Plaintiff, | )<br>) |
| vs. | )    ORDER<br>) |
| MIDWEST MOTOR SUPPLY CO., et. al., | )<br>)<br>)<br>) |
|     Defendants. | )<br>) |

THIS MATTER is before the Court on Plaintiff's Motion to Retransfer the Case Back to the Southern District of Ohio (Doc. No. 74). Defendants promptly responded in opposition to the motion, and this matter is now ripe for review. For the reasons below, this motion is DENIED.

This action was originally filed as two actions by Plaintiff Zep, Inc., in the United States District Court for the Southern District of Ohio ("Ohio District Court") against Midwest Motor Supply Company d/b/a Kimball Midwest ("Kimball Midwest:") and various individual defendants who lived throughout the United States. Subsequently, Plaintiff, Defendant Kimball Midwest, and the individually named parties in the instant case, all of whom reside in North Carolina, consented to have their cases transferred to this Court. This Court, *sua sponte*, consolidated the two cases.

Plaintiff subsequently sought to withdraw its consent to transfer before the Ohio District Court, arguing that it was not informed of all the facts when it gave such consent. Specifically, Plaintiff pointed to employment contracts between Kimball Midwest and the individual defendants, arguing that the employees consented to jurisdiction in any place where Kimball Midwest may be sued for breach of a covenant or agreement with a former employer. The Ohio District Court agreed

with Plaintiff's arguments and allowed Plaintiff to withdraw its consent to transfer. Plaintiff now requests this Court to retransfer the instant case back to the Ohio District Court.

As an initial matter, the parties agree that this Court has jurisdiction over the matter and is the only court which may order the case be transferred. Wilson Cook Medical, Inc. v. Wilson, 942 F.2d 247, 250 (4th Cir. 1991). Furthermore, this Court is not bound by a decision of a sister district court and may independently consider a motion to retransfer. See Roofing & Sheet Metal Services, Inc., v. La Quinta Motor Inns, Inc., 689 F.2d 982, 989 (11th Cir. 1982). Finally, the parties agree that in analyzing the instant motion, the Court is guided by 29 U.S.C. § 1404(a), thus indicating the parties' agreement that venue is appropriate here.

In support of its motion, Plaintiff cites the case of In re Cragar Indus., Inc., 706 F.2d 503, 505 (5th Cir. 1983), and argues that "unanticipated post-transfer events" have come to light, which indicate the case is better tried in the original court (the Ohio District Court). Specifically, Plaintiff contends, and the Ohio District Court agreed, the employment contracts signed by the individual named Defendants in this case contain provisions amounting to a consent to *in personum* jurisdiction in any court in which Kimball Midwest is sued by the employees' former employers. This Court has reviewed the relevant provision of the employment contract (entitled "Applicant Agreement") and is not convinced of the correctness of Plaintiff's interpretation regarding the consent provision contained therein. Instead, it appears to this Court that the employee (who are the named individual Defendants in this case) contracted with Kimball Midwest (and not any other third party) to "be joined in any action to enforce the terms of this Agreement in any jurisdiction in which Kimball Midwest is sued relating to the alleged breach by Applicant of any covenant or agreement with a former employer." The use of the phrase "to be joined" contemplates that the *employee* would be

2

*joined* by *Kimball Midwest*. Nothing in the applicable language contemplates that such waiver or consent also applied to the benefit of a third party, such as Plaintiff. Thus, the Court sees no changed circumstances to warrant retransfer of this case.

Even if the Court were to agree with Plaintiff's interpretation of the Applicant Agreement, balancing the factors well established by case law does not weigh in favor of transfer. Title 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of the provision is to "prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotations omitted). It is well-settled that the decision to transfer an action to another district is committed to the sound discretion of the district court. Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Assuming this action could be brought in Ohio, the Court has reviewed the relevant factors under a § 1404(a) analysis and concludes that they do not weigh in favor of retransfer. Notably, a Case Management Plan has been set forth, discovery has commenced, and this matter is set for trial in November of this year, all of which show this case is on track for an expeditious resolution. Moreover, each of the named individual Defendants are North Carolina residents, a majority of the alleged actions by Defendants took place in North Carolina, and several causes of action require interpretation and application of North Carolina law. Although Plaintiff initially chose Ohio as the forum for this case, it is a corporation organized and existing under the laws of the State of Georgia and it does not appear that Ohio has much relation to the case, other than being the state where Defendant Kimball West is located  Notably, Kimball West opposes retransfer of this case to Ohio

and, thus, still wishes to abide by its original consent to have this case transferred here.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Retransfer (Doc. No. 74) is DENIED.

IT IS SO ORDERED.

Signed: August 4, 2009

Frank D. Whitney
United States District Judge